**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SHAUNDREA N. ATKINSON,** *Plaintiff* | § | |
| **v.** | § | **No. 1:26-CV-02321-RP-DH** |
| **MARRIOTT INTERNATIONAL, INC.,** *Defendant* | § | |

**<u>ORDER</u>**

Before the Court is Plaintiff Shaundrea N. Atkinson's complaint, Dkt. 1, application to proceed *in forma pauperis*. Dkt. 2, and motion to appoint counsel, Dkt. 3. Because Atkinson requests permission to proceed *in forma pauperis*, the undersigned must review the merits of her claim pursuant to 28 U.S.C. § 1915(e).

The Court has reviewed Atkinson's financial affidavit and determined she is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court **ORDERS** that Atkinson's request for *in forma pauperis* status, Dkt. 2, is **GRANTED**. The Clerk of the Court shall file the complaint without payment of fees, costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Atkinson is further advised that, although she has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

Here, Atkinson brings one claim for race discrimination in violation of Title VII of the Civil Rights Act of 1964. Dkt. 1, at 5. After reviewing Atkinson's complaint, the Court has determined that this case should not be dismissed as frivolous at this time. However, the Court again cautions Atkinson that the Court may make a determination in the future that the action should be dismissed because the allegation of poverty is untrue or the action is frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Atkinson is also further advised that, although she has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court against her at the conclusion of this lawsuit, as in other cases. *See Moore*, 30 F.3d at 621. Accordingly, the Court **FURTHER ORDERS** the Clerk of the Court to issue summons and the United States Marshal to commence service of process, including service of Atkinson's complaint upon Defendant Marriott International, Inc. under Rules 4 and 5 of the Federal Rules of Civil Procedure.

The Court **FINALLY ORDERS** that Atkinson's motion to appoint counsel, Dkt. 3, is **DENIED** without prejudice. Apart from contending that she "has made a diligent effort to employ counsel," Atkinson offers no argument demonstrating that "exceptional circumstances" merit the appointment of counsel at this time. Dkt. 3, at 1; *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) ("[A] 'trial court is not required to appoint counsel ... unless the case presents exceptional circumstances.'" (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). Moreover, having considered the factors relevant to Atkinson's request, the Court finds that they do not weigh in favor of appointment of counsel at this time. *Ulmer*, 691 F.2d at 213

(outlining the factors relevant to determining whether exceptional circumstances warrant the appointment of counsel).

The referral of this case to the Magistrate Judge should now be canceled.

SIGNED September 14, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE